IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CR-323-BO
NO. 5:11-CV-337-BO

| | | |
|---|---|---|
| HASSAN G. HINES | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the Court on the United States' Motion to Dismiss [DE 162]. A Rule 12 letter issued to Petitioner on September 9 [DE 164]. Petitioner did not respond. The motion is now ripe for adjudication.

## BACKGROUND

On November 8, 2007, the Grand Jury issued a seven-count indictment that charged Petitioner Hassan G. Hines and Benjamin Terrence Hines with (1) conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (3) possession with intent to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 841(a)(1); (4) using and maintaining a place for the purpose of manufacturing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856(a)(1); (5) using and carrying firearms during and in relation to a drug trafficking crime and possessing firearms in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) and (C)(I). Mr. Hines was not charged in Counts Six and Seven.

On April 14, 2008, Mr. Hines pleaded not guilty to the counts charged in the indictment

and the case went to trial. On October 9, 2008, the jury returned guilty verdicts on all counts. At sentencing, on January 5, 2009, the Court imposed a sentence of 420 months of imprisonment on Counts One and Three, 120 months of imprisonment on Count Two (to be served concurrently), 240 months of imprisonment on Count Four (to be served concurrently), and 60 months of imprisonment on Count Five (to be served consecutively).

On January 12, 2009, Mr. Hines filed a notice of appeal. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on May 27, 2010. Mr. Hines' subsequent petition for rehearing and rehearing en banc was denied. The Fourth Circuit's mandate issued on July 7, 2010.

On June 27, 2011, Mr .Hines timely filed a motion to vacate under 28 U.S.C. § 2255 [DE 153], alleging ineffective assistance of trial and appellate counsel. Mr. Hines argues that counsel was ineffective for failing to object to or appeal (A) the sufficiency of the indictment against Mr. Hines, (B) the sufficiency of the evidence against Mr. Hines, (C) the constructive amendment of the indictment against Mr. Hines, and (D) the imposition of a sentence in excess of the statutory maximum on Count Three. The United States responded with a Motion to Dismiss on September 8, 2011 [DE 162]. Mr. Hines did not respond. The Motion is now ripe for adjudication.

## DISCUSSION

### I. Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most

favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

## II. Ineffective Assistance of Counsel

Mr. Hines' ineffective assistance of trial and appellate counsel claims are governed by *Strickland v. Washington*. 466 U.S. 668 (1984). Under *Strickland*, a prisoner alleging ineffective assistance of counsel must demonstrate (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice can, alone, dispose of the ineffective assistance claim. *Id.* at 697. Courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90). Mr. Hines' allegations of ineffective assistance arise out of trial counsel's failure to object to and appellate counsel's failure to appeal issues for which he has failed to allege prejudice. Accordingly, the Court analyzes the merits of Mr. Hines' substantive claims before discussing

counsel's obligation to address these issues at trial and on appeal.

## A. Sufficiency of the Indictment Against Mr. Hines

An indictment is legally sufficient "(1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011). Defects in an indictment, however, do not deprive a court of its power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Mr. Hines alleges that the United States' failure to charge him, specifically, with conspiracy to distribute and possession with the intent to distribute "a mixture or substance containing a detectable amount" of cocaine rather than cocaine generally is fatal to the validity of his conviction. However, as noted by the United States Supreme Court, "Congress adopted a 'market-oriented' approach to punishing drug trafficking, under which the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence." *Chapman v. United States*, 500 U.S. 453, 461 (1991). In other words, "Congress clearly intended the dilutant, cutting agent, or carrier medium to be included in the weight of [cocaine or heroin] for sentencing purposes." *United States v. Campbell*, 354 F. App'x 786, 788 (4th Cir. 2009)(citing *Chapman*, 500 U.S. at 460). By citing to the governing statute, the United States properly notified Mr. Hines that proof of "a mixture or substance containing a detectable amount" of a controlled substance would be sufficient to sustain a conviction. Therefore, the United States' failure to specify that the drug quantities alleged in the indictment were not pure does not render the indictment against Mr. Hines insufficient, and no prejudice accrued to Mr.

Hines for counsel's failure to object to or appeal the sufficiency of the indictment.

## B. Sufficiency of the Evidence Against Mr. Hines

A jury verdict should be affirmed where, "viewing the evidence in the light most favorable to the prosecution [it] is supported by substantial evidence." *United States v. King*, 628 F.3d 693, 700 (4th Cir. 2011). Here, because Congress intended the dilutant, cutting agent, or carrier medium to be included in the relevant drug weight for sentencing purposes, the United States was not required to prove that the quantities listed in the indictment included only pure cocaine or cocaine base. Therefore, trial counsel's failure to object and appellate counsel's failure to appeal on this ground could not have prejudiced Mr. Hines.

## C. Constructive Amendment of the Indictment Against Mr. Hines

Constructive amendment of an indictment occurs when "the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment." *United States v. Malloy*, 568 F.3d 166, 178 (4th Cir. 2009). When constructive amendment occurs, it is error per se and must be corrected. *United States v. Rendelman*, 641 F.3d 36, 43 (4th Cir. 2011). However, no such constructive amendment occurred in this case. Mr. Hines alleges that a constructive amendment occurred when the United States introduced evidence of quantities of drugs that were not pure. However, as noted above, "Congress clearly intended the dilutant, cutting agent, or carrier medium to be included in the weight of [cocaine or heroin] for sentencing purposes." *United States v. Campbell*, 354 F. App'x 786, 788 (4th Cir. 2009)(citing *Chapman*, 500 U.S. at 460). Therefore, the United States' introduction of evidence of "impure" drug quantities was appropriate and failure to object to or appeal the alleged constructive

amendment could not have prejudiced Mr. Hines.

Within his discussion of constructive amendment of his indictment, Mr. Hines also claims that the United States failed to allege a predicate drug trafficking crime to support Count Five. However, Count Five references a drug trafficking offense on January 4, 2006, the same offense date alleged in Count Three. Clearly, the predicate drug trafficking offense for Count Five is the one alleged in Count Three. Therefore, trial counsel's failure to object and appellate counsel's failure to appeal on this ground could not have prejudiced Mr. Hines.

### D. Sentence In Excess of Count Three's Statutory Maximum

Mr. Hines argues that the jury's general verdict, which did not specify if it found that he possessed the requisite quantity of cocaine base on Count Three, was ambiguous and therefore Mr. Hines' exposure must be limited to the statutory maximum applicable to an unquantified marijuana offense–five years. However, the jury instructions administered on October 9, 2008 charge the jury that, in order to find the defendant guilty on Count Three, it had to find that "the defendant knowingly and intentionally possessed with intent to distribute more than 50 grams of crack cocaine *and* a quantity of powder cocaine...*and*...the defendant knew that the substances were crack cocaine *and* powder cocaine *and* marijuana, all controlled substances" [DE 138] (emphasis added). Unlike the jury in *Edwards v. United States*, which was instructed that it could find defendants guilty if it found that they had conspired to distribute *either* cocaine *or* cocaine base, this jury's general verdict necessarily depended on a finding that Mr. Hines had possessed all of the enumerated substances. *See United States v. Rhynes*, 196 F.3d 207, 237 (4th Cir. 1999) (discussing *Edwards v. United States*, 523 U.S. 511 (1998)). Therefore, no special verdict was required and Mr. Hines cannot demonstrate prejudice that would not have accrued

but for counsel's performance.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record

and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss [DE 162] is GRANTED and Mr. Hines' Motion to Vacate [DE 153] is DISMISSED.

SO ORDERED, this the 6 day of December, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE